19-2154
Silverio-Salazar v. Garland

BIA
Straus, IJ
A202 120 609

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand twenty-one.

PRESENT:
GUIDO CALABRESI,
DENNY CHIN,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

ELOY SILVERIO-SALAZAR, AKA ELOY
SILVERIO SALAZAR-MALDONADO,
*Petitioner,*

v.                                                    19-2154
                                                      NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Gregory Osakwe, Law Offices of
                         Gregory C. Osakwe LLC, Hartford,
                         CT.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant
Attorney General; Linda S.
Wernery, Assistant Director;
Gerald M. Alexander, Trial
Attorney, Office of Immigration
Litigation, United States
Department of Justice, Washington,
DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Eloy Silverio-Salazar, a native and citizen of Ecuador, seeks review of a July 2, 2019, decision of the BIA affirming a February 12, 2018, decision of an Immigration Judge ("IJ") denying Silverio-Salazar's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Eloy Silverio-Salazar,* No. A 202 120 609 (B.I.A. July 2, 2019), *aff'g* No. A 202 120 609 (Immig. Ct. Hartford Feb. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review

2

are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). In determining credibility, the agency must "[c]onsider[] the totality of the circumstances" and may base a credibility finding on the "inherent plausibility of the applicant's . . . account." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64, 166-67 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. We conclude that substantial evidence supports the adverse credibility determination.

First, the agency relied on the implausibility of Silverio-Salazar's testimony that he was the only white person living in Gualaquiza and that the Shuar indigenous people were focused on harming him because of his race. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency reasonably found this testimony implausible because Silverio-Salazar testified that Gualaquiza was a city and his application indicated that his sister also lived there. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007) (IJ may rely on inherently

3

implausible testimony so long as finding is "tethered to record evidence"). Moreover, Silverio-Salazar admitted that he had not heard of any other attacks on white people.

The agency reasonably relied further on Silverio-Salazar's failure to rehabilitate his testimony with reliable corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Silverio-Salazar provided no letters from friends or family in Ecuador, or from his ex-girlfriend who lived in New York as an asylee and allegedly was at his home when the Shuar burned it down. Moreover, the background materials did not corroborate any racially based attacks by the Shuar against white people.

4

Given the implausible testimony and lack of corroboration, the "totality of the circumstances" supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-67; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief are all based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court